UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HOPE RENEWED, et al.,

    Plaintiffs,

    v.

BAC HOME LOANS SERVICING, LP, et al.,

    Defendants.
_____/

No. C 11-1324 PJH

**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING DATE**

    Before this court is a motion to dismiss plaintiffs' first amended complaint, filed by defendants BAC Home Loans Servicing ("BAC"), America's Wholesale Lender ("America's Wholesale"), Mortgage Electronic Registration Systems, Inc. ("MERS"), CTC Real Estate Services ("CTC"), and Recontrust Company, N.A. ("Recontrust")(collectively "defendants"). The court finds the motion appropriate for decision without further oral argument, and accordingly VACATES the February 22, 2012 hearing date. See Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991). Having carefully read the parties' papers, and considered the relevant legal authority, the court hereby rules as follows.

## **BACKGROUND**

    This case stems from a mortgage loan secured by real property located at 2155 Dahlberg Court, Morgan Hill, California 95037 ("the Property"), and the purportedly unlawful foreclosure of said Property. See First Amended Complaint ("FAC"), ¶ 30. The borrowers of the mortgage loan are Sally and Jeff Veliquette (the "Veliquettes") – non-parties to this action whom plaintiffs Mark A. Manning ("Manning") and Hope Renewed ("Hope Renewed")(collectively "plaintiffs") allege transferred all rights, title and interest in the Property to plaintiffs. See FAC, ¶ 10.

The Veliquettes financed the purchase of the Property with a mortgage loan in the amount of $1,000,000, which transaction occurred on April 11, 2005. FAC, ¶ 6; FAC, Ex. 8. At some point, the Veliquettes ceased making payments on their mortgage loan, and defaulted on it. A Notice of Default and Election to Sell Under Deed of Trust was recorded on March 8, 2010. See Request for Judicial Notice ("RJN"), Ex. B. A Notice of Trustee's Sale was recorded on June 23, 2010, and a Trustee's Sale was held on July 27, 2010. See id., Exs. D-E. The Property was sold at public auction, and a Trustee's Deed Upon Sale was recorded on August 2, 2010. RJN, Ex. E.

On May 29, 2010, more than two months after the Notice of Default and Election to Sell Under Deed of Trust had been recorded, but nearly one month before the Notice of Trustee's Sale had been recorded, the Veliquettes executed a quit claim deed whereby for the sum of $21.00, they purported to effect a transfer of all rights, title and interest in the Property to plaintiff Hope Renewed. See FAC, ¶ 10; id., Ex. 2. The Quit Claim Deed was not recorded until September 13, 2010. See FAC, Ex. 2.

Plaintiffs filed the instant complaint on March 18, 2011. The complaint, which is disjointed, and nonsensical in parts, appears to allege the following causes of action: (1) cancellation of instruments; (2) declaratory relief; (3) equitable lien and unjust enrichment; and (4) declaratory and injunctive relief. See FAC, ¶¶ 29-55. In addition, plaintiffs' allegations suggest that plaintiffs also assert claims for wrongful foreclosure and fraud, and seek to void an unspecified judgment. See id., at 11:16-12:25.

Defendants now move to dismiss plaintiffs' first amended complaint, for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("FRCP") 12(b)(1), and for failure to state a claim pursuant to FRCP 12(b)(6).

**DISCUSSION**

A. Legal Standard

Federal courts are courts of limited jurisdiction, and can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases

involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party (a non-issue in the instant action).  See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal subject matter jurisdiction based upon diversity is governed by 28 U.S.C. § 1332(a)(1) and requires complete diversity of citizenship and an amount in controversy in excess of $75,000.  Federal subject matter jurisdiction based on the presence of a federal question is governed by 28 U.S.C. § 1331 and requires a civil action to arise under the constitution, laws, or treaties of the United States.

"[I]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." See Emrich v. Touch Ross & Co., 846 F.2d 1190, 1194 fn. 2 (9th Cir. 1988); see also Scholastic Ent't, Inc. v. Fox Ent't, 336 F.3d 982, 985 (9th Cir. 2003)(it is well-established that a district court has the authority to dismiss an action sua sponte for lack of jurisdiction).

B. Legal Analysis

Defendants' motion raises three overriding arguments: (1) that federal subject matter jurisdiction is lacking; (2) plaintiffs lack standing to pursue their claims; and (3) plaintiffs' individual claims fail to state viable claims for relief.  As explained below, however, the court finds that neither federal question jurisdiction nor diversity jurisdiction have been or can be alleged.  Thus, dismissal is appropriate on the first ground alone, and the court need not consider defendants' remaining arguments.

1. Federal Question Jurisdiction

For the court to have federal question jurisdiction, plaintiffs' action must arise under federal law. 28 U.S.C. § 1331. "A case 'arises under' federal law within the meaning of § 1331 if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th

Cir. 2009) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006). Pursuant to the "well-pleaded complaint" rule, "the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.'" Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127-28 (1974)).

Plaintiffs' complaint here, rambling and disorganized as it is, appears to be grounded in California state law alone. The complaint asserts causes of action for cancellation of instruments; declaratory, injunctive and other equitable relief; and wrongful foreclosure and fraud. See FAC, ¶¶ 29-55; id., at 11:16-12:25. Plaintiffs' claims are furthermore grounded in allegations that stem from the home mortgage loan used to finance purchase of the Property by the Veliquettes, and the foreclosure sale that took place following the Veliquettes' default on the loan (and their subsequent execution of a Quit Claim Deed). In short, there is no federal question that is disclosed on the face of the complaint, nor are there any underlying allegations from which to reasonably infer the existence of a well-plead federal question.

At best, plaintiffs have included a single reference that states: "plaintiff has the Due Process Rights as protected by, inter alia, the Fourteenth Amendment of the federal Constitution...". See FAC, at 2:21-24. This single isolated and conclusory statement, however, is devoid of any supporting legal or factual explanation, and is wholly untethered to any other allegations or claims in plaintiffs' complaint. As such, it cannot be said to raise a federal question.

In sum, due to the absence of a federal claim or a substantial question of federal law, there is no basis for the court's exercise of federal question jurisdiction under 28 U.S.C. § 1331.

2. <u>Diversity Jurisdiction</u>

Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires

4

complete diversity of citizenship and an amount in controversy in excess of $75,000. Defendants here challenge the existence of complete diversity of citizenship between the parties – a contention to which plaintiffs offer no substantive response in their opposition.

Plaintiffs' complaint alleges that plaintiff Hope Renewed is an unincorporated association qualified to do business in the State of California, and further that the Property at issue is located in California. FAC, ¶ 1; id. at 16:15-18. The court can thus reasonably infer from plaintiffs' allegations that plaintiff Hope Renewed is a California citizen. See., e.g., Fadal Machining Centers, LLC v. Mid-Atlantic CNC, Inc., 2012 WL 8669 (9th Cir. Jan. 03, 2012)(noting that unincorporated associations have the citizenships of all of its members). As defendants further note, defendant ReconTrust is also a citizen of California. See RJN, Ex. G. Thus, complete diversity of citizenship amongst plaintiffs and defendants is lacking.

Moreover, it does not appear to the court that plaintiffs have sufficiently alleged the existence of an amount in controversy greater than $75,000, as plaintiffs' complaint does not allege the existence of any specified damages amount, and indeed, appears to seek largely injunctive relief.

In sum, as there is an absence of both complete diversity between the parties and the requisite jurisdictional amount in controversy, there is no basis for the court to exercise diversity jurisdiction over the parties.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED. Because amendment is likely to be futile, the dismissal is with prejudice.

**IT IS SO ORDERED.**

Dated: February 8, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge

5